UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

| | |
|---|---|
| JOHN TRISVAN, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>19-CV-6396 (MKB) |
| v. | |
| BURGER KING CORPORATION,<br>RESTAURANT BRANDS INTERNATIONAL,<br>and TIM HORTONS INCORPORATED, | |
| Defendants. | |

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff John Trisvan, proceeding *pro se*, commenced the above-captioned action on November 6, 2019 against Defendant Burger King Corporation ("Burger King"), alleging that he suffered food poisoning after eating at a Burger King restaurant in Brooklyn, New York, and seeking relief pursuant to the Federal Trade Commission Act of 1914, 15 U.S.C. §§ 45 and 52 (the "FTCA"), and Article 2 of the Uniform Commercial Code.[1] (Compl., Docket Entry No. 1.)[2] By Memorandum and Order dated March 2, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and allowed Plaintiff to amend within thirty days. (Mem. & Order dated Mar. 2, 2020, Docket Entry No. 5.) On April 1, 2020, Plaintiff filed an Amended Complaint, adding Restaurant Brands International ("Restaurant Brands") and Tim Hortons Incorporated ("Tim Hortons") as Defendants and seeking relief for the violation of state law

---

[1] Plaintiff filed a similar action on September 10, 2016, against Checkers Drive-In Restaurant. *See Trisvan v. Checkers Drive-In Rest., Inc.*, No. 16-CV-7000, 2019 WL 332177 (E.D.N.Y. Jan. 25, 2019) (dismissing complaint for failure to state a claim).

[2] Because the Complaint and subsequent Amended Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

pursuant to the Court's diversity jurisdiction. (Am. Compl., Docket Entry No. 7.) For the reasons set forth below, the Court dismisses the Amended Complaint without prejudice for lack of subject matter jurisdiction.

## I. Background

The Court assumes the truth of the factual allegations in the Amended Complaint for purposes of this Memorandum and Order.

Plaintiff alleges that Tim Hortons, Restaurant Brands, and Burger King merged in 2014. (*Id.* at 5.) On November 6, 2016, Plaintiff purchased food from a Burger King restaurant located at 1297 Fulton Street in Brooklyn, New York and subsequently "began having abdominal pains" after eating "the meal at his residence." (*Id.* at 2.) Plaintiff sought medical treatment at Woodhull Medical Center, where he was diagnosed with "gastroenteritis[,] colitis and cystitis." (*Id.* at 3.) Plaintiff filed a complaint with Burger King "within 48 hours of this incident," but received no response. (*Id.*) Plaintiff later discovered that the same Burger King had been "penalized" in 2014 and 2015 for failing to maintain food at proper temperatures, had been fined twice for sanitary violations in 2016, and had been fined for sanitary violations in 2017 and 2019. (*Id.* at 4.)

Plaintiff alleges that Defendants engaged in "deceptive and unfair acts," "failed to conform to safety regulations and provisions," and sold goods that were "not suitable for sale," in violation of the Uniform Commercial Code. (*Id.* at 5.) Plaintiff seeks $2 million in "punitive and compensatory relief." (*Id.* at 6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after Twombly, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

      b.    **The Court lacks subject matter jurisdiction**

Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. 2.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v.*

3

*Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state-law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *See, e.g.*, *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18. In addition, "[f]ederal diversity jurisdiction requires an amount in controversy of at least $75,000 . . . [and] this amount is measured as of the time that a complaint is filed . . . and it is established by the face of the complaint and the dollar amount actually claimed." *Lapaglia v. Transamerica Cas. Ins. C*o., 155 F. Supp. 3d 153, 154–55 (D. Conn. 2016) (first citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); and then citing *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)) (internal citations omitted); *see also Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ---, ---, 139 S. Ct. 1743, 1746 (2019) ("In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)."); *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005) (noting that "[g]enerally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events"). "Generally, the plaintiff, as the party asserting

4

subject matter jurisdiction, has the burden of proving that it exists by a preponderance of the evidence." *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) (citing *Makarova*, 201 F.3d 110 at 113); *Makarova*, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."); *see also Scherer*, 347 F.3d at 397 ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994))); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (same). The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

In addition, where the jurisdictional amount includes punitive damages, those punitive damages will be considered with heightened scrutiny. *See Nwanza v. Time, Inc.*, 125 F. App'x 346, 349–50 (2d Cir. 2005) (finding the plaintiff's "demand for five million dollars' punitive damages based on his claims that [the defendant] fraudulently induced him into subscribing to magazines with promises of multi-million dollar prizes — with unspecified or no actual damages" insufficient to meet amount-in-controversy requirement); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *see also Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("[T]he Court is not obligated to accept,

5

on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages.").

Plaintiff alleges that he is a citizen of New York, that Burger King has a principal place of business in Florida, and that Restaurant Brands and Tim Hortons have their principal places of business in Canada. (Am. Compl. 1–2.) Although Plaintiff alleges that the parties are diverse, Plaintiff fails to meet his burden in showing that the amount in controversy meets the statutory threshold. Plaintiff states that the amount in controversy includes:

> the cost of the meal in question; the cost of one's injury and such trip to the hospital Emergency Room . . . hospital bills brought to Plaintiff and his insurance company; bills of prescription and pharmaceutical drugs cost to Plaintiff and his insurance company; compensatory as well as punitive damages, . . . which Plaintiff is seeking to recover exceeds well above $75,000.01.

(*Id.*) Plaintiff does not, however, provide any actual amounts for these expenses and damages in support of the conclusory allegation that they total more than $75,000.00. *See Watty v. Cuomo*, No. 12-CV-2660, 2013 WL 4495184, at *2 (E.D.N.Y. Aug. 14, 2013) ("Plaintiff's demand for punitive and other additional damages, unsupported by the law or the allegations in the amended complaint, is not sufficient to satisfy the amount-in-controversy requirement."). In addition, Plaintiff fails to provide a basis for seeking $2 million in punitive and compensatory damages for his alleged food poisoning. Because Plaintiff fails to allege any facts supporting his claim for compensatory damages and has not provided any basis for his request for $2 million in punitive damages, Plaintiff's request for relief is speculative and insufficient to meet the amount-in-controversy requirement for the Court to exercise diversity jurisdiction over this matter. *See Centra Developers Ltd. v. Jewish Press Inc.*, No. 16-CV-6737, 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018) (finding the district court lacked subject matter jurisdiction despite the plaintiff's allegations of "$3,000,000 in punitive damages" because the "[p]laintiff's complaint

fail[ed] to allege any other out-of-pocket expenses it has incurred, except attorney's fees"), *report and recommendation adopted*, No. 16-CV-6737, 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018); *Duncan v. Crawford*, No. 16 CV 4699, 2016 WL 4919891, at *2 (E.D.N.Y. Sept. 14, 2016) (remanding removed action to state court where neither the complaint nor notice of removal contained information "specifying the exact nature and extent of [p]laintiffs' injuries, or the treatment they have received, that would permit this [c]ourt to draw a reasonable inference that the amount in controversy requirement has been satisfied").

Accordingly, the action is dismissed, without prejudice, for lack of subject matter jurisdiction.

### c. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a second amended complaint within thirty (30) days of the entry of this Memorandum and Order. Plaintiff is advised that the second amended complaint will completely replace the Amended Complaint, must be captioned "Second Amended Complaint," and shall bear the same docket number as this Memorandum and Order. If Plaintiff intends to invoke the Court's diversity jurisdiction over his state law claim, Plaintiff must clearly state the basis for doing so. If Plaintiff fails to file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing the case for the reasons stated above.

## III. Conclusion

Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff leave to file a second amended complaint within thirty (30) days from the entry of this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

7

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff.

Dated: April 24, 2020
      Brooklyn, New York

                                  SO ORDERED:

                                      s/ MKB
                                  MARGO K. BRODIE
                                  United States District Judge